**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FELIX,<br><br>       Plaintiff,<br><br>    v.<br><br>ANDREW SAIBENE, CITY OF SAN BERNARDINO, and DOES 1–4,<br><br>       Defendants. | Case No.:  5:24-cv-1494<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  42 U.S.C. § 1983 Fourth Amendment, Excessive Force<br>2.  42 U.S.C. § 1983 Fourth Amendment, Denial of Medical Care<br>3.  42 U.S.C. § 1983 Municipal Liability, Unconstitutional Custom, Practice, or Policy<br>4.  42 U.S.C. § 1983 Municipal Liability, Failure to Train<br>5.  42 U.S.C. § 1983 Municipal Liability, Ratification<br>6.  Battery<br>7.  Negligence<br>8.  Violation of Cal. Civil Code § 52<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff DANIEL FELIX for his Complaint against Defendants CITY OF SAN BERNARDINO, ANDREW SAIBENE and DOES 1–4 alleges as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and violations of state law in connection with the police shooting of Plaintiff, DANIEL FELIX.

## THE PARTIES

2.     Plaintiff DANIEL FELIX is an individual residing in the County of San Bernardino, and at all relevant times, he was an individual residing in the County of San Bernardino.

3.     At all relevant times, Defendant CITY OF SAN BERNARDINO ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino Police Department and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the San Bernardino Police Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants ANDREW SAIBENE and DOES 1–4.

4.     Defendants ANDREW SAIBENE and DOES 1–4 ("DOE OFFICERS") are, and were at the time of this incident, police officers working for the San Bernardino Police Department. At all relevant times, SAIBENE and DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the San Bernardino Police Department. At

1

all relevant times, SAIBENE and DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY. SAIBENE is the officer who fired the shots at FELIX during the incident.

5.    On information and belief, SAIBENE and DOES 1–4 were residents of the County of San Bernardino.

6.    On or about July 7, 2023, Plaintiff filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code. Plaintiff's claim was rejected on January 17, 2024.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

10.    On or about January 13, 2023, FELIX was on or near the intersection of Walnut Street and Mt. Vernon Avenue in San Bernadino, California.

11.     Defendant SAIBENE discharged his firearm at FELIX, striking him and causing him serious physical injury.

12.     At the time of the shooting, FELIX was not near any of the officers or any other person, did not have a gun, and there were less than lethal alternatives available to the involved deputies that were not exhausted before resorting to using deadly force against FELIX. Further, FELIX posed no imminent threat of death or serious physical injury to either SAIBENE, DOES 1–4, or any other person, especially since he did not have a gun and was not near anyone when he was fatally shot. None of the involved deputies sustained substantial bodily injury during this incident.

13.     Defendant SAIBENE and DOES 1–4 had no information that FELIX had committed a felony.

14.     After shooting FELIX, Defendant SAIBENE and DOES 1–4 did not timely summon medical attention for FELIX, who was bleeding profusely and had obvious serious injuries.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)

(Plaintiff against ANDREW SAIBENE)

15.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

16.     Defendant ANDREW SAIBENE acted within the course and scope of their employment as a police officer for the Defendant CITY and San Bernadino Police Department and acted under color of state law.

17.     The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

18.     SAIBENE failed to employ tactics to de-escalate the situation,

failed to give FELIX the time and space to understand the presence of law enforcement, failed to give FELIX proper commands and the time to comply with those commands, failed to give FELIX the opportunity to cooperate with law enforcement instructions, and failed to give FELIX a verbal warning prior to the use of deadly force even though it was feasible to do so.

19.    SAIBENE used excessive force against FELIX when SAIBENE deadly force against him. Defendants' unjustified use of force deprived FELIX of his right to be secure in his person against unreasonable searches and seizures as guaranteed to FELIX under the Fourth Amendment to the United States and applied to state actors by the Fourteenth Amendment.

20.    As a result of the foregoing, FELIX suffered great physical and mental injury, fear, pain, emotional distress, loss of enjoyment of life, and loss of earning capacity.

21.    The use of force was excessive and unreasonable, especially because FELIX posed no immediate threat of death or serious bodily injury at the time of the officer's use of force or at any time immediately prior to the officer's use of force. FELIX was not attempting to evade or resist by flight and no warning was given prior to the use of deadly force. The Defendant Officers were not responding to a serious or violent crime, and there were several less intrusive alternatives available. Further, SAIBENE use of force violated their training and standard police officer training.

22.    As a result of their misconduct, ANDREW SAIBENE and DOES 1–4 are liable for FELIX's injuries.

23.    Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

24.    Plaintiff also seeks attorneys' fees and costs under this claim.

## SECOND CAUSE OF ACTION

**Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiff against ANDREW SAIBENE and DOES 1–4)

25.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

26.     SAIBENE and DOES 1–4 acted within the course and scope of their employment as police officers for the Defendant CITY and SAN BERNADINO POLICE DEPARTMENT and acted under color of state law.

27.     The denial of medical care by Defendants deprived FELIX of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

28.     SAIBENE and DOES 1–4 failed to provide timely medical care to FELIX and failed to timely summon medical care for FELIX. Their delay and/or denial of medical care was a cause of FELIX's pain, suffering, and injuries.

29.     As a direct result of the aforesaid acts and omissions of Defendants, FELIX suffered great physical and mental injury, fear and emotional distress and the loss of enjoyment of life.

30.     Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

31.     Plaintiff also seeks attorneys' fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Municipal Liability –**

**Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Plaintiff against CITY)

32.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33.     Defendants SAIBENE and DOES 1–4 acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

34.     The acts of SAIBENE and DOES 1–4 deprived FELIX of his particular rights under the United States Constitution.

35.     ANDREW SAIBENE and DOES 1–4 acted pursuant to an expressly adopted official policy or longstanding practice or custom of the Defendant CITY.

36.     On information and belief, ANDREW SAIBENE and DOES 1–4 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of FELIX's rights.

37.     Defendants CITY and CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

   (a)   Using excessive and unreasonable force, including deadly force on persons who do not pose a risk of imminent death or serious bodily injury to others.

   (b)   Failing to use and exhaust reasonable alternatives to the use of deadly force.

   (c)   Failing to give adequate commands and time to comply with those commands.

(d)   Failing to give adequate verbal warning that the use of deadly force will be used and time to heed such a warning.

(e)   Providing inadequate training regarding the use of force, including deadly force, use of force, and use of reasonable alternatives to the use of deadly force.

(f)   Employing and retaining as law enforcement officers, individuals such as SAIBENE and DOES 1–4 at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(g)   Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including SAIBENE and DOES 1–4, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(h)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by officers of the CITY.

(i)   Ratifying unconstitutional conduct and failing to adequately discipline CITY officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(j)   Announcing that unjustified shootings are "within policy" even when they are later determined in court to be unconstitutional and refusing to discipline, terminate and retrain officers involved in unconstitutional conduct.

7

(k)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(l)   Maintaining a policy of inaction and an attitude of indifference towards police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings.

(m)   Upon information and belief, CITY has an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, or not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though CITY knew, or should have known, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve, especially against minorities.

(n)   Upon information and belief, as a result of CITY policy, custom and/or practices, officers know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant

8

number of CITY officers being involved in numerous shootings. This policy, custom and/or practice was established by supervising and managerial employees of CITY, specifically, those employees tasked with determining whether officer-involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against officers who use excessive deadly force.

(o)   Upon information and belief, this policy, custom and/or practice long lasting and persistent, and existed well before FELIX was injured by SAIBENE and DOES 1–4. This policy, custom and/or practice was established so that CITY officers do not bear the responsibility for the people that they use excessive deadly force against. This policy, custom and/or practice exists so that the public does not have such a negative perception of CITY and its law enforcement departments and so that CITY can avoid the repercussions associated with its officers' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability. A significant reason that this policy, custom and/or practice was established was to avoid CITY being liable, under a theory of vicarious liability, for the uses of excessive and unreasonable deadly force by its employees. In other words, there is a large financial incentive for CITY to erroneously determine that most, if not all, of its officers' uses of deadly force are within policy. If CITY, through its policymakers and supervisors, would admit that their officers were at fault for using excessive and unreasonable deadly

force, then CITY is well aware of how much they would have to pay for any associated litigation.

38.     By reason of the aforementioned acts and omissions, Plaintiff endured substantial pain and suffering, loss of enjoyment of life, and substantial physical and mental injury.

39.     Defendants CITY had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of FELIX and other individuals similarly situated.

40.     By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, the CITY acted with intentional, reckless, and callous disregard for FELIX's Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by the CITY were affirmatively linked to and were a significantly influential force behind FELIX's injuries.

41.     By reason of the aforementioned acts and omissions of the CITY, FELIX suffered pain and suffering, and loss of enjoyment of life.

42.     Accordingly, the CITY is liable for compensatory damages under 42 U.S.C. § 1983.

43.     Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

44.     Plaintiff also seeks attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. §1983)

(Plaintiff against CITY)

45.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

46.     SAIBENE and DOES 1–4 acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

47.     The acts of SAIBENE and DOES 1–4 deprived FELIX of his particular rights under the United States Constitution.

48.     On information and belief, the CITY failed to properly failed to properly and adequately train SAIBENE and DOES 1–4 including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force; the use of reasonable alternatives to the use of deadly force; proper communication, proper warning; utilizing time, space, distance, cover and concealment; pre-shooting tactics, techniques, and procedures; de-escalation; not waiting for sufficient assets, equipment and personnel to arrive before engaging in situations; controlling officer emotions and fears including inadequate "warrior training" that imbues officers with irrational fears about every situation and encourages excessive and unreasonable force and overreacting to a situation; inappropriate "shoot/don't shoot" scenarios in training that promote the use of unreasonable force; continually assessing a situation to justify every shot fired; and providing medical care to person they have injured.

49.     The training policies of the CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, the use of less than lethal and lethal force, and pre-shooting tactics.

50.     The CITY has numerous officer-involved shootings annually. The

CITY was aware that there was a reoccurring problem with their officers shooting individuals, instead of employing proper de-escalation techniques. In other words, the CITY was aware that there was a problem involving numerous officer-involved shootings which could have been reasonably avoided had the officers employed well-known and accepted law enforcement tactics and techniques to avoid using unnecessary and excessive deadly force against these individuals by CITY employees.

51.    The CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

52.    The failure of the CITY to provide adequate training caused the deprivation of Plaintiff's rights by SAIBENE and DOES 1–4; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

53.    Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

54.    Plaintiff also seeks attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiff against CITY)

55.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.    SAIBENE and DOES 1–4 acted under color of state law and in the course and scope of their employment as law enforcement officers for the CITY.

57.    The acts of SAIBENE and DOES 1–4 deprived FELIX of his particular rights under the United States Constitution.

58.     Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying unreasonable uses of force, including deadly force.

59.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of SAIBENE and DOES 1–4 inclusive ratified the acts and bases for the acts of SAIBENE and DOES 1–4. Upon information and belief, the final policymaker knew of and specifically approved of the acts of SAIBENE and DOES 1–4.

60.     On information and belief, CITY final policymakers knew that FELIX was not an immediate threat of death or serious bodily injury to any person at the time of the SAIBENE use of deadly force.

61.     On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape. The officers' actions deviated from these official policies because FELIX did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

62.     On information and belief, the CITY approved of the officers' actions after a hearing presented by the officers' legal counsel to CITY supervisors after which they found the officers' actions to be within the official policies of the CITY. On information and belief, the basis for such approval was based on the officers' self-serving statements that they feared they would be killed or seriously injured, despite evidence to the contrary, including evidence that the involved officers were never physically injured.

13

63.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of SAIBENE and DOES 1–4 were "within policy."

64.     By reason of the aforementioned acts and omissions, FELIX suffered past and future pain and suffering, and loss of enjoyment of life.

65.     Accordingly, the CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

66.     Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

67.     Plaintiff also seeks attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Plaintiff against ANDREW SAIBENE directly and Defendant CITY vicariously)

68.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

69.     SAIBENE acted within the course and scope of his employment as a police officer for the Defendant CITY and SAN BERNADINO POLICE DEPARTMENT and acted under color of state law.

70.     SAIBENE intentionally shot FELIX multiple times. As a result of the actions of SAIBENE, FELIX was seriously injured. SAIBENE had no legal justification for using force, including deadly force, against FELIX, and SAIBENE's use of force while carrying out his duties as an officer was unreasonable under the circumstances.

71.     At all relevant times, FELIX was not an immediate threat of death or serious bodily injury to anyone, including SAIBENE. No warning was given that deadly force was going to be used prior to the use of deadly

force, and less than lethal alternatives were available.

72.   Defendants CITY is vicariously liable for the wrongful acts of SAIBENE pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

73.   Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

74.   Plaintiff also seeks attorneys' fees and costs under this claim.

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Plaintiff against ANDREW SAIBENE and DOES 1–4 directly and CITY vicariously)

75.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

76.   SAIBENE and DOES 1–4 acted within the course and scope of their employment as police officers for the Defendant CITY and SAN BERNARDINO POLICE DEPARTMENT and acted under color of state law.

77.   Police officers, including SAIBENE and DOES 1–4 have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, use of de-escalation techniques, and not using any force unless necessary, using the least amount of force necessary, and only using deadly force as a last resort, and providing timely medical care for a person the Defendant Officers intentionally harmed. These duties also include the Defendant Officers responsibility to follow their training and policies,

responsibility to ensure they are properly trained and equipped to perform their duties in accordance with the department policies, and properly investigate and report on their use of force incidents.

78.     SAIBENE and DOES 1–4 breached their duty of care. Upon information and belief, the actions and inactions of SAIBENE and DOES 1–4 were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to use force against FELIX.

(b)     the negligent tactics and handling of the situation with FELIX, including pre-shooting negligence and failure to utilize de-escalation techniques.

(c)     the failure to provide or call for adequate medical care.

79.     As a direct and proximate result of SAIBENE and DOES 1–4 conduct as alleged above, and other undiscovered negligent conduct, FELIX was caused to suffer severe mental and physical pain and suffering, and loss of enjoyment of life.

80.     At all relevant times, FELIX was not an immediate threat of death or serious bodily injury to anyone, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to SAIBENE and DOES 1–4.

81.     The CITY is vicariously liable for the wrongful acts of SAIBENE and DOES 1–4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

82.     SAIBENE and DOES 1–4 negligently caused physical injury to FELIX when SAIBENE discharged his firearms at FELIX, striking him multiple times. The use of force, including deadly force, by the SAIBENE

16

was excessive, unreasonable, and he was negligent when he discharged his firearms at FELIX, including pre-shooting negligent conduct, actions, inactions, and tactics, and their post-shooting negligent conduct, actions and inactions. DOE OFFICERS were negligent in their failure to provide or call for medical assistance for FELIX

83.     Plaintiff seeks damages, including but not limited to past and future medical expenses, past and future pain and suffering, past and future emotional distress and past and future loss of income.

84.     Plaintiff also seeks attorneys' fees and costs under this claim.

## **EIGHTH CLAIM FOR RELIEF**

### **Violation of Cal. Civil Code § 52.1**

(Plaintiff against ANDREW SAIBENE directly and CITY vicariously)

85.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

86.     ANDREW SAIBENE acted within the course and scope of his employment as police officers for the Defendant CITY and acted under color of state law.

87.     The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.

88.     On information and belief, ANDREW SAIBENE, while working for the CITY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against FELIX, including by using excessive force against him without justification or excuse.

89.     When ANDREW SAIBENE unnecessarily shot FELIX, he

interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, and life, liberty, and property. ANDREW SAIBENE intentionally used deadly force, demonstrated by his a reckless disregard for FELIX's right to be free from excessive force.

90.    On information and belief, ANDREW SAIBENE intentionally and spitefully committed the above acts to discourage FELIX from exercising his civil rights.

91.    On information and belief, FELIX reasonably believed that the violent acts committed by ANDREW SAIBENE were intended to discourage him from exercising his civil rights.

92.    ANDREW SAIBENE successfully interfered with the civil rights of FELIX.

93.    FELIX was caused to suffer severe pain, loss of enjoyment of life, among other harms. The conduct of ANDREW SAIBENE was a substantial factor in causing the harm, losses, injuries, and damages of FELIX.

94.    Defendant CITY is vicariously liable for the wrongful acts of ANDREW SAIBENE under California law and the doctrine of respondeat superior and section 815.2(a) of the California Government Code.

95.    FELIX seeks survival damages, costs, and attorneys' fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor against Defendant CITY OF SAN BERNADINO, ANDREW SAIBENE, and DOES 1–4, as follows:

1.    For compensatory damages according to proof at trial;

2.    For general damages in the amount to be proven at trial;

3.    For special damages according to proof; including past and future

medical expenses;

4.   For statutory damages;

5.   For punitive damages in an amount to be proven at trial;

6.   For reasonable attorneys' fees including litigation expenses;

7.   For costs of suit and interest incurred herein; and

8.   For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: July 17, 2024          **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Dale K. Galipo*

Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff*

19

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby submits this demand that this action be tried in front of a jury.

DATED: July 17, 2024          **LAW OFFICES OF DALE K. GALIPO**


By:   */s/    Dale K. Galipo*
                    Dale K. Galipo
                    Cooper Alison-Mayne
                    *Attorneys for Plaintiff*