STEVEN J. ROTHANS-State Bar No. 106579
SCOTT CARPENTER-State Bar No. 253339
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, CA 90071
(213) 228-0400 / (213) 228-0401 (Fax)
srothans@crdlaw.com / scarpenter@crdlaw.com

Attorneys for Defendants, City of San Bernardino, a public entity, and Officer Andrew Saibene, a public employee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FELIX,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW SAIBENE, CITY OF SAN BERNARDINO, and DOES 1-4,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01494-JGB-SHK<br><br>**ANSWER TO COMPLAINT FOR DAMAGES BY DEFENDANTS CITY OF SAN BERNARDINO, OFFICER ANDREW SAIBENE; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW Defendants City of San Bernardino, a public entity, and Officer Andrew Saibene, a public employee, and hereby answering the Complaint for Damages filed by Plaintiff Daniel Felix in the above-entitled action for themselves and for no other defendants admit, deny, and allege as follows:

///

///

- 1 -

DEFENDANTS' ANSWER TO THE COMPLAINT FOR DAMAGES

Case 5:24-cv-01494-JGB-SHK   Document 12   Filed 09/04/24   Page 2 of 7   Page ID #:53


## ADMISSIONS AND DENIALS

1. Answering paragraph 1 of the Complaint, defendants assert that the paragraph is simply a characterization of the plaintiff's allegations, to which no response is required. To the extent a response is required, this answering defendant denies the allegations.

2. Answering paragraphs 2, 5, 6, 20, 23, 24, 30, 31, 41, 43, 44, 53, 54, 64, 66, 67, 73, 74, 83, 84, 93, and 95 of the Complaint, defendants do not have sufficient information or belief to enable them to answer said paragraphs, and on that ground, deny each and every allegation contained therein.

3. Answering paragraphs 3 and 4 of the Complaint, defendants admit that the City of San Bernardino is a public entity organized and operating under the laws of the State of California and that the City employed Officer Andrew Saibene at the time of the incident; defendants otherwise deny the allegations contained in paragraphs 3 and 4 of the Complaint.

4. Answering paragraphs 7 and 8 of the Complaint, defendants admit that jurisdiction and venue are proper.

5. In response to paragraphs 10 and 11 of the Complaint, defendants admit that the underlying incident occurred on January 13, 2023 near Walnut Street and Mt. Vernon Avenue in the City of San Bernardino and an officer-involved shooting occurred, but otherwise defendants deny the remaining allegations contained therein.

6. Answering paragraphs 12, 13, 14, 17, 18, 19, 21, 22, 27, 28, 29, 34-40, 42, 47-52, 57-63, 65, 70, 71, 72, 77-82, 87-92, and 94 of the Complaint, defendants deny each and every allegation set forth therein.

7. Answering paragraphs 16, 26, 33, 46, 56, 69, 76, and 86 of the Complaint, defendants admit that the City employed Officer Andrew Saibene at the time of the incident; defendants otherwise lack information sufficient to admit or deny the allegations, but otherwise deny the allegations.

DEFENDANTS' ANSWER TO THE COMPLAINT FOR DAMAGES

8. Answering paragraphs 9, 15, 25, 32, 45, 55, 68, 75, and 85 of the Complaint, defendants incorporate its admissions and denials to each of the preceding paragraphs.

## AFFIRMATIVE DEFENSES

1. The Complaint, as a whole, fails to state facts sufficient to constitute a claim upon which relief can be granted against any defendant.

2. The Complaint fails to state a claim (cause of action) against these answering defendants under 42 U.S.C. § 1983, including but not limited to violations of the Fourth and Fourteenth Amendments.

3. Any and all force used by defendants, or the agents and/or employees of the City of San Bernardino, during the incident complained of was objectively reasonable under the totality of circumstances.

4. Any alleged acts or omissions by defendants was superseded by the negligence or intentional acts of plaintiff and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that plaintiff has alleged in the Complaint.

5. The individual defendant officer and/or DOE Defendants are entitled to qualified immunity because they did not violate an underlying constitutional right of plaintiff.

6. The individual defendant officer and/or DOE Defendants are entitled to qualified immunity because the applicable law governing the use of deadly force under the circumstances of this officer-involved shooting was not clearly established, and since a reasonable peace officer in defendants' position could have believed their conduct was lawful.

7. Any force used was privileged as being reasonably necessary, and being believed to be so necessary, to lawful self-defense, defense of third parties, and any individual defendant officer and/or DOE Defendants.

8. Pursuant to California Penal Code § 834(a), plaintiff knew or should

have known that he was being detained and/or arrested by a peace officer and had the affirmative duty to cooperate and refrain from using force or any weapon to resist such arrest.

9. Pursuant to *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

10. At no time relevant to this litigation did the plaintiff sustain any violation of his civil rights pursuant to a governmental policy, habit, or custom, thereby precluding any claim (cause of action) for violations of civil rights.

11. The Complaint fails to state facts sufficient to constitute a *Monell* violation, in that there did not exist a custom, practice or policy that led to a violation of the plaintiff's civil rights.

12. The actions of defendants in all respects were objectively reasonable, proper, and lawful.

13. Defendants are not legally responsible for the acts and/or omissions of the DOE Defendants.

14. An award of punitive damages is not proper against a government entity such as defendant City of San Bernardino.

15. Liability for punitive damages is precluded by the absence of malice, in general, and the absence of clear and convincing evidence thereof, in particular, as required by Civil Code Section 3294 (a) and (c), and pursuant to Government Code §818, and *Newport City v. Fact Concerts, Inc*., 453 U.S. 247 (1981).

16. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338, 339, 340, and 342.

17. Plaintiff's claims are barred by the doctrine of unclean hands.

18. Plaintiff's claims are barred by the doctrine of laches.

19. Any recovery on the plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiff's comparative fault and/or the comparative fault of others.

20. Any recovery on the plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of waiver.

21. Any recovery on the plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiff's failure to mitigate his damages.

22. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

23. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

24. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion is abused.

25. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

26. To the extent the Complaint seeks damages for any state tort claims, those claims are barred in that the plaintiff has failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910, and 911.2; furthermore, the Claims for Damages submitted do not authorize the various state torts set forth in the plaintiff's Complaint.

27. Defendants are immune from civil liability pursuant to Government

DEFENDANTS' ANSWER TO THE COMPLAINT FOR DAMAGES

1 | Code §§ 810 et. seq, including but not limited to Sections 818.2, 815, 815.2, 818, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 844.6, 844, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, and 856; Civil Code section 43.55; and Penal Code sections 243, 834, 835, 836, 836.5, 847 and 1389.

28. Plaintiff seeks damages not allowed or authorized by law.

29. Defendants assert that the acts complained of by plaintiff were provoked by the plaintiff's unlawful and wrongful conduct in that he willfully, maliciously, unlawfully, and wrongfully interfered with the lawful orders of a police officer(s), and purposefully resisted, delayed and/or obstructed the detention, arrest and/or investigatory orders, despite requests that he desist, and continued to do so.

30. Defendants reserve the right to amend and assert additional defenses as they become known.

WHEREFORE, defendants pray as follows:

1. That the plaintiff takes nothing by way of his Complaint for Damages.
2. That defendants recover the costs of suit incurred herein.
3. That defendants recover reasonable attorney's fees incurred herein.
4. That the Court award such other and further relief as it deems just and proper.

DATED: September 4, 2024          CARPENTER, ROTHANS & DUMONT LLP

By:   */s/ Scott J. Carpenter*
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendants,
City of San Bernardino and
Officer Andrew Saibene

- 6 -

DEFENDANTS' ANSWER TO THE COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, defendants City of San Bernardino, Officer Andrew Saibene hereby demand a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: September 4, 2024    CARPENTER, ROTHANS & DUMONT LLP

By: */s/ Scott J. Carpenter*
STEVEN J. ROTHANS
SCOTT J. CARPENTER
Attorneys for Defendants,
City of San Bernardino and
Officer Andrew Saibene

- 1 -

DEFENDANTS' ANSWER TO THE COMPLAINT FOR DAMAGES