LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff DANIEL FELIX*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FELIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAIBENE, CITY OF SAN BERNARDINO, and DOES 1–4,<br><br>　　　　　Defendants. | Case No. 5:24-cv-01494-JGB−SHK<br><br>[*Honorable Jesus G. Bernal*]<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>**<u>Scheduling Conference</u>**<br>Date: 12/23/2024<br>Time: 11:00 a.m.<br>Ctrm: 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

Pursuant to this Court's October 15, 2024 Order [Dkt. No. 14], as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record:

**A.    Statement of the Case:**

　　*1.　　Plaintiff's short synopsis of main claims.*

　　On January 13, 2023, San Bernardino Police Department Multiple Enforcement Team (MET) officers were conducting patrols near Oregon Street in San Bernardino, California. Officers Ahmed, Saibene, and Luna were in full police uniforms in an unmarked vehicle when they encountered Mr. Felix at 1387 Oregon Street.

Initially, Mr. Felix ran from the officers, but body camera footage shows that when Officer Saibene identified himself as police, Mr. Felix turned to face the officer with his empty hands raised, clearly surrendering. Despite Mr. Felix's compliance and the fact that he was unarmed, Officer Saibene discharged his duty weapon four times, striking Mr. Felix in the right thigh, abdomen, and left wrist.

After significant delay in receiving medical attention due to officers' blocking the way for emergency vehicles to respond, Mr. Felix was transported in a police vehicle to a nearby location where he was able to be picked up by an ambulance and finally transported to Loma Linda University Medical Center. As a result of the shooting, Mr. Felix suffered catastrophic injuries including permanent paralysis to one of his legs. Due to these injuries, Mr. Felix will likely be confined to a wheelchair for the remainder of his life.

The shooting has left Mr. Felix with severe physical disabilities, ongoing medical needs, and permanent loss of mobility, fundamentally altering his ability to work and engage in basic daily activities.

Plaintiff brought this civil rights action with the following claims for relief: (1) Fourth Amendment Excessive Force (42 U.S.C. § 1983); (2) Fourth Amendment Denial of Medical Care (42 U.S.C. § 1983); (3) Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983); (4) Municipal Liability for Failure to Train (42 U.S.C. § 1983); (5) Municipal Liability for Ratification (42 U.S.C. § 1983); (6) Battery; (7) Negligence; and (8) Violation of California Civil Code § 52.

2. *Defendants' Statement of the Case.*

On January 13, 2023, at around 4:45 p.m., a San Bernardino Police Department ("SBPD") Multiple Enforcement Team ("MET"), was conducting active patrolling and investigation related to recent homicides that occurred within

the area known to be associated with a local gang.  The MET officers drove by a known gang hideout, located at 1387 Oregon Street, with which the officers were familiar, and which had been the subject of a homicide-related search warrant in the weeks prior.  The location was supposed to be abandoned and was deemed unsafe to occupy by Code Enforcement, but, as the officers drove by, they observed multiple individuals on the property, and the officers determined to contact the individuals for further investigation.

The MET officers drove their vehicle to a corner of the property near an opened gate and exited their vehicle.  When defendant Cpl. Saibene exited the vehicle, walked towards the opened gate, and announced the presence of police, he observed two male subjects run away from him.  One of the subjects, plaintiff, Daniel Felix, grabbed the front of his waistband as he ran towards the front of a trailer parked on the property, which indicated to the officer that plaintiff was armed and running towards a position of cover.  Cpl. Saibene then saw plaintiff pull out a firearm with his right hand and turn towards the officers, and as a result an officer-involved shooting occurred.

Officers administered first aid to plaintiff while paramedics were called to the scene.  Plaintiff was ultimately transported to Arrowhead Regional Medical Center.  The handgun plaintiff had been holding was found nearby.

Criminal proceedings were brought against plaintiff on the charges of Penal Code section 148 (resisting/delaying/obstructing), Penal Code section 29800 (felon in possession of a firearm), Penal Code section 69 (felony resisting a police officer), and Penal Code section 417(c) (exhibiting a firearm in an officer's presence).  On or around July 25, 2024, plaintiff entered into a plea agreement where he plead no contest to the first two charges (PC 148 resisting and PC 28900 felon in possession of firearm) while the other charges were dismissed.

Defendants deny that the attempted detention of plaintiff was unjustified or that excessive force was used.  Defendants further deny that the City of San

3

Bernardino and/or its officers violated plaintiff's civil rights or otherwise committed state torts.  Reasonable suspicion existed to detain plaintiff, and then probable cause arose after plaintiff attempted to flee from officers while armed.  The force used was justified under the circumstances based on plaintiff's dangerous and threatening conduct, including retrieving a handgun and turning towards officers, which posed a threat of imminent serious bodily injury or death.  Defendants submit that this case will involve whether the use of force was reasonable under the circumstances; whether Cpl. Saibene (or any other officer) are entitled to qualified immunity; plaintiff's comparative negligence; and whether plaintiff's criminal convictions bar any of his claims.

**B.    Subject Matter Jurisdiction:**

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

**C.    Legal Issues:**

1.    *Plaintiff's brief description of the key legal issues.*

Whether the Defendants used excessive and unreasonable force, including deadly force, against Plaintiff.  Whether the City of San Bernardino maintained an unconstitutional custom, practice or policy.  Whether the City of San Bernardino failed to train its officers.  Whether the City of San Bernardino ratified the unreasonable force used against Plaintiff.  Damages, including punitive damages against the individual Officer Defendant(s).

Plaintiffs are unaware of any unusual substantive, procedural or evidentiary

issues at this time.

2. *Defendants' brief description of the key legal issues.*

In addition to the issues listed by plaintiff, defendants include the following legal and factual issues:  whether any individual officer defendants are entitled to qualified immunity; plaintiff's comparative negligence; and whether plaintiff's criminal convictions bar any of his claims.

**D.   Parties, Evidence, etc.:**

1. *The Parties.*

The Plaintiff is Daniel Felix (an individual).

The Defendants are the City of San Bernardino (a public entity) and Officer Andrew Saibene (individual).

2. *Percipient Witnesses.*

Witnesses to this incident include Officers Ahmed, Saibene, Luna, and other officers at the scene. Additionally, there were at least three third-party witnesses who were present at the time of the shooting, including Fernando Herrera and two minors (R.M. and A.Q.).

Given that discovery has not yet been completed, the parties have not yet identified all other percipient witnesses.

3. *Key Documents.*

As discovery is in its earliest phase, the parties are not in a position at this early date to identify all of the key documents in this case.  The parties reserve the right to amend this list as further information is produced.  Some of the key documents include, but are not limited to:

- statements, reports, recorded interviews of the officers and witnesses; dispatch recordings;
- investigative reports and diagrams;
- audio recordings and/or videos of the incident; City policies, procedures, and officer training;
- depositions of the parties and witnesses;
- photographs of the scene of the incident;
- 3D scans of the scene;
- physical evidence recovered from the scene of the incident;
- responses to written discovery;
- and medical records
- pleadings from plaintiff's pending criminal proceeding;
- plaintiff's law enforcement records.

**E.    Damages:**

Plaintiff claims general and special compensatory damages, and punitive damages.  Plaintiff also seek attorneys' fees pursuant to 42 U.S.C. § 1988.  A realistic range of provable damages in this case is, in part, based on further discovery, medical treatment, and in large part based on expert testimony. Plaintiff estimates his damages to be in excess of $10 million. Defendants do not have sufficient information at this time to estimate potential damages.  Defendants deny all liability and wrongdoing for any and all of plaintiff's claims.

**F.    Insurance:**

The City is self-insured for the claims stated in Plaintiff's complaint.

**G.    Motions:**

       *1.    Plaintiff's statement regarding motions on the pleadings.*

       Plaintiff may seek to add other parties if documents produced during discovery by Defendants reveal that other City officers were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional rights, Plaintiff will seek leave of Court to add those individuals.

       *2.    Defendants' statement regarding motions on the pleadings.*

       Defendants reserve the right to move to stay the lawsuit pending the investigation of the shooting by the San Bernardino County District Attorney's Office.

**H.    Manual for Complex Litigation:**

       This case does not require utilization of the Manual for Complex Litigation.

**I.    Status of Discovery:**

       Plaintiff has noticed Defendant Saibene's deposition and the parties are working together to schedule it for a mutually convenient date and time. Plaintiff anticipates serving written discovery before December 23, 2024, including interrogatories, requests for admission, and requests for production on the issues of liability of unreasonable detention and arrest, excessive force, and *Monell* liability.  Plaintiff anticipates taking the deposition upon oral examination of additional officers present at the scene, medical personnel, and percipient witnesses, and persons most knowledgeable; all of whom are not yet identified.

       The parties will exchange Rule 26 Initial Disclosures before December 23, 2024.

       Defendants have issued initial interrogatories and requests for production.

Defendants have also issued subpoenas for, among other things, certain of plaintiff's medical records.

**J.     Discovery Plan:**

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures, a mutually agreed upon discovery plan, and the possibility of prompt resolution of the case.

1.     The parties anticipate exchanging initial disclosures before December 23, 2024.  Thus, there is no need to change the disclosure requirements of Rule 26(a).

2.     Plaintiff has noticed Defendant Saibene's deposition and will soon propound discovery requests to determine the facts surrounding Plaintiff's detention, including the amount of force used, the officers' justification for the force used, and whether Plaintiff was denied medical care.  Plaintiff also seeks discovery on the City's manuals in effect at the time of the incident, prior complaints against the Defendant officers and lawsuits against the City, training given to the Defendant officers both before and after the incident, and whether the Defendant officers were disciplined or reprimanded in any way as a result of the incident.

3.     Defendants intend to take the depositions of the plaintiff, treating physicians, and possibly other witnesses. Additionally, defendants anticipate retaining various consultants and expert witnesses to testify on the issues of liability, causation, and damages.  Given the extent of plaintiff's claimed injuries, defendants anticipate discovery regarding damages (including expert discovery) will be rather lengthy and time consuming.

4.     The parties anticipate engaging in discovery in phases only in that the parties wish to conduct fact discovery before engaging in expert discovery.

4.     The parties do not believe there needs to be any change in the limitations imposed by the Federal Rules.

5.     The Parties may file a Stipulated Protective Order for Confidential files subject to privilege and privacy of parties and witnesses. The parties do not anticipate a dispute over the scope of such an order.

6.     The parties do not anticipate any issues with the storage or production of electronically stored information.

**K.    Discovery Cut-Off:**

Fact discovery cut-off: See Exhibit A.

**L.    Expert Discovery:**

Initial Expert Disclosure:  See Exhibit A

Rebuttal Expert Disclosure: See Exhibit A

Expert Discovery Cut-Off: See Exhibit A

**M.    Dispositive Motions:**

Plaintiff requests that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers and that the moving party shall have two weeks to prepare and file their reply papers.

*1.     Plaintiff's statement regarding dispositive motions.*

Plaintiff believes that the Defendants' liability for excessive force can be determined by motion for summary judgement.  Plaintiff intends to file a motion for summary judgment/adjudication in Plaintiff's favor.

Plaintiff believes that there may be issues to be determined by motion *in limine* based on information attained during discovery.

2. *Defendants' statement regarding dispositive motions.*

Defendants intend to file a motion for summary judgment as to each of plaintiff's claims, and propose briefing be done per the Local Rules. Defendants also anticipate filing motions in limine as needed.

**N.   Settlement/Alternative Dispute Resolution (ADR):**

The parties have not yet engaged in substantive settlement discussions but the parties have scheduled an early mediation with Richard Copeland on February 28, 2025. The Parties propose the mediation cutoff set forth in Attachment "A" below.

The parties agree to private mediation and will participate in a mediation with Richard Copeland, as indicated above.

**O.   Trial Estimate:**

Plaintiff estimates that a jury trial will not take longer than eight (8) days and believes that this case can be tried in five (5) to eight (8) days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury. Plaintiff contemplates calling between eight (8) and twelve (12) witnesses at this time.

Given that defendants have little information as to plaintiff's damages, it is difficult for defendants to provide an accurate trial estimate at this time. Nevertheless, at this time, defendants anticipate calling ten to fifteen witnesses, and agree that trial might take five to eight days.

**P.     Trial Counsel:**

Plaintiff: Dale K. Galipo (Lead) and Cooper Alison-Mayne.

Defendants: Steven J. Rothans (Lead) and Scott J. Carpenter will try the case for Defendants.

**Q.     Independent Expert or Master:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R.     Timetable:**

See Exhibit A.

**S.     Other Issues:**

The Parties may file a Stipulated Protective Order for Confidential files subject to privilege and privacy of parties and witnesses. The parties do not anticipate a dispute over the scope of such an order.

The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials.

In addition to a potential motion to stay, defendants reserve the right to seek bifurcation of trial as to the issue of damages.

1    Respectfully submitted,

2

3    Dated:  December 9, 2024                THE LAW OFFICES OF DALE K. GALIPO

4

5                                           /s/ *Cooper Alison-Mayne*
                                            Dale K. Galipo
6                                           Cooper Alison-Mayne
                                            *Attorneys for Plaintiff* DANIEL FELIX

7

8    DATED: December 9, 2024                CARPENTER, ROTHANS & DUMONT

9                                           LLP

10

11                                  By:  */s/ Scott J. Carpenter*

12                                       STEVEN J. ROTHANS
                                         SCOTT J. CARPENTER
13                                       Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGE JESUS B. BERNAL

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:24-cv-01494-JGB−SHK |
|---|---|
| Case Name | *FELIX v. CITY OF SAN BERNARDINO, et al.* |

| Matter | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| ☒Jury Trial or ☐Court Trial **(Tuesday at 9:00 a.m.)** Length: 5-8 Days | 12/02/2025 | | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday − two (2) weeks before trial date)** | 11/17/2025 | | |
| Last Date to Conduct Settlement Conference | 11/03/2025 | | |
| Last Date to **Hear** Non−discovery Motions (Monday at 9:00 a.m.) | 10/27/2025 | | |
| Expert Discovery Cut-Off | 09/08/2025 | | |
| Expert Disclosure (Rebuttal) | 08/25/2025 | | |
| Expert Disclosure (Initial) | 08/04/2025 | | |
| Fact Discovery Cut−Off (including hearing fact discovery motions) | 07/28/2025 | | |
| Last Date to Amend Pleadings or Add Parties | 04/14/2025 | | |

ADR [L.R. 16-15] Settlement Choice:

☐ Attorney Settlement Officer Panel

☒ Private Mediation

☐ Magistrate Judge

JOINT SCHEDULING CONFERENCE REPORT